Philadelphia Indem. Ins. Co. v Addison PHS Corp. (2023 NY Slip Op 04830)

Philadelphia Indem. Ins. Co. v Addison PHS Corp.

2023 NY Slip Op 04830

Decided on September 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 28, 2023

Before: Webber, J.P., Friedman, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 157533/21 Appeal No. 645 Case No. 2022-05316 

[*1]Philadelphia Indemnity Insurance Company as Subrogee of 220 Fifth Avenue, LLC, Plaintiff-Respondent,
v
Addison PHS Corp., Individually and Doing Business as Addison Plumbing, et al., Defendants-Appellants, Newgrange Construction Company, Inc., Defendant.

Lewis Brisbois Bisgaard & Smith LLP, New York (Kristen Carroll of counsel), for appellants.
Coffey Law PLLC, Albany (Daniel W. Coffey of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about November 21, 2022, which, to the extent appealed from as limited by the briefs, denied defendants Addison PHS Corp., individually and doing business as Addison Plumbing, and Addison Plumbing LLC's (collectively Addison) motion to dismiss the complaint as a sanction for spoliation of evidence, unanimously affirmed, without costs.
The subject premises is owned by 220 Fifth Avenue LLC and insured by plaintiff Philadelphia Indemnity Insurance Company as subrogee of 220 Fifth Avenue LLC. It is alleged that on or about September 20, 2020, it sustained water damage due to the improper installation of a hot water heater in March 2019 by Addison. The complaint alleged that the general contractor, defendant Newgrange Construction Company, Inc. (Newgrange), hired Addison to perform the work as a subcontractor and that the subject water heater was improperly installed in a horizontal, rather than a vertical position; the pressure and temperature (P & T) valve was not piped to a sink as required by code, manufacturer's instructions, and proper practice; a water sensor and a leak detection sensor which would have minimized the damage were not installed as required; and Addison failed to check the water pressure prior to installing the heater to ascertain if the intake water pressure was appropriate or needed modification.
Addison asserted that plaintiff spoliated evidence prior to the initiation of the instant litigation, when plaintiff was on notice that the evidence might be needed for future litigation. Specifically, that plaintiff failed to preserve the water heater in the same condition as at the time of the occurrence; and prepared a video purporting to show that the water heater was leaking, when, in reality, water was flowing because the P & T valve was opened.
The court properly declined to impose spoliation sanctions on plaintiff because insufficient evidence was presented by Addison demonstrating spoliation by plaintiff and prejudice (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [2015]). The record reflects that prior to the filing of the action, Addison was given notice of various opportunities to examine the water tank that allegedly caused the property damage and was present when it was removed, without objection. Addison was free to measure the pressure in the tank at that time if it elected to do so. Moreover, there was no evidence that the pressure in the tank on the day it was removed was the same as on the day of the incident.
With respect to the video, there was no evidence that plaintiff attempted to conceal the filming of the video and a copy of it was sent to Addison promptly after it was made. Addison is free to argue to the trier of fact that the video is misleading, and that plaintiff opened the pressure and temperature valve in making the film. There was no evidence that prior to the filming, the valve was in the same position [*2]as it had been when the incident occurred. Thus, Addison failed to sustain its burden of showing prejudice (see Duluc v AC & L Food Corp., 119 AD3d 450, 451-452 [1st Dept 2014], lv denied 24 NY3d 908 [2014]).
We have considered Addison's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2023